**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Patricia Davis, | ) | **CASE NO. 1:15 CV 1595** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| Thomas D. Fuller, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant's Motion to Dismiss Pursuant to Federal Rules 12(B)(2) and 12(B)(3).  This case involves an automobile accident.  For the reasons that follow, the motion to dismiss is GRANTED.

**FACTS**

Plaintiff Patricia Davis brings this lawsuit against defendant Thomas D. Fuller alleging wrongdoing in connection with an automobile accident.  Plaintiff alleges that she resides in Ohio and defendant resides in Virginia.  The accident occurred in Virginia. The complaint contains three claims for relief.  Count one appears to allege negligence per se, count two is a negligence

1

claim, and count three alleges intentional infliction of severe emotional distress.  Defendant

moves to dismiss the case for lack of personal jurisdiction.  Defendant further argues that venue

is improper and as such, dismissal is warranted.  Alternatively, defendant requests that the Court

transfer this matter to the Western District of Virginia.

### ANALYSIS

The plaintiff always bears the burden of establishing that personal jurisdiction exists.

*Serras v. First Tennessee Bank National Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).  The

plaintiff's burden is to make a *prima facie* showing that personal jurisdiction exists in order to

defeat dismissal.  *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)  A *prima facie* showing is

made by "establishing with reasonable particularity sufficient contacts between [defendant] and

the forum state to support jurisdiction."  *Neogen Corporation v. Neo Gen Screening, Inc.*, 282

F.3d 883, 887 (6th Cir. 2002) (internal citations omitted).

The Sixth Circuit has clearly set forth the standard of review in a diversity case, as

alleged to be the basis of subject matter jurisdiction here:

> [A] plaintiff must satisfy the state-law requirements for personal jurisdiction. Thus, [the
> plaintiff] must demonstrate that both due process and Ohio's long-arm statute are
> satisfied. We have recognized that Ohio's long-arm statute is not coterminous with
> federal constitutional limits. Therefore, we begin by analyzing whether the requirements
> of Ohio's long-arm statute are met and then separately consider whether the exercise of
> jurisdiction would comport with due process.

*Schneider v. Hardesty*, 669 F.3d 693 (6th Cir. 2012) (citations omitted). Ohio's long-arm statute,

establishing a statutory basis for jurisdiction over foreign defendants, states:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an
> agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;

(2) contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity;

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

Ohio Rev.Code § 2307.382(A).

If the exercise of jurisdiction is proper under this statute, the Court looks to whether due process is satisfied:

There are two forms of personal jurisdiction: general and specific. General jurisdiction is found where contacts are so continuous and systematic as to render a foreign defendant essentially at home in the forum State. Specific jurisdiction depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.

***

[Specific jurisdiction employs a three-part analysis:] (1) purposeful availment of the

3

privilege of acting in the forum state or causing a consequence in the forum state, (2) a cause of action arising from activities in the state, and (3) a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Schneider,* 669 F.3d at 701 (citations and internal quotation marks omitted).

However, "It is clear under Ohio law, a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute." *Conn v. Zakharov,* 667 F.3d 705, 718 (6th Cir.2012). Where a plaintiff fails to meet his burden of establishing personal jurisdiction under Ohio's long-arm statute, there is no need to analyze the due process requirements. *Id.* ("In other words, if jurisdiction is not proper under Ohio's long-arm statute there is no need to perform a Due Process analysis because jurisdiction over the defendant cannot be found.")

Here, defendant correctly notes that no provision of the Ohio's long-arm statute applies to this case.  There are no allegations that defendant regularly conducted business in Ohio or that defendant caused tortious injury in this state.  Rather, plaintiff expressly alleges that the motor vehicle accident occurred in Virginia.  Notably, in opposing defendant's motion, plaintiff makes no argument whatsoever regarding the existence of personal jurisdiction.  For these reasons, Ohio's long-arm statute is not satisfied. Accordingly, the Court finds that it lacks personal jurisdiction over defendant and, as such, dismissal is warranted.

Although defendant alternatively requests that the Court transfer this matter to the Western District of Virginia, in her brief in opposition plaintiff wholly fails to address personal jurisdiction.  And, notably, plaintiff does *not* request a transfer of venue.  Thus, it is not clear to the Court whether plaintiff intends on pursuing her claims should they be transferred.  Accordingly, the Court declines to transfer this action.  *See, Stanifer v. Brannan*, 564 F.3d 455

4

(6th Cir. 2009) (affirming dismissal of motor vehicle accident over plaintiff's request for transfer where defendants and accident occurred in a different state and plaintiff failed to challenge personal jurisdiction).  Instead, dismissal is warranted.

**CONCLUSION**

For the foregoing reasons, defendant's Motion to Dismiss Pursuant to Federal Rule 12(B)(2) and 12(B)(3) is GRANTED.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/25/15

5